UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23717-CIV-ALTONAGA

**PATRICIA JOHNSON**,

      Plaintiff,
v.

**MARTIN O'MALLEY**,
Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

On November 13, 2022, Plaintiff, Patricia Johnson filed a Complaint [ECF No. 1] seeking review of the denial of her claims for disability insurance benefits and supplemental security income under the Social Security Act. The Clerk referred the matter to Magistrate Judge Melissa Damian for a report and recommendation on dispositive matters. (*See* Clerk's Notice [ECF No. 2]). Defendant filed the Administrative Record [ECF No. 16] on May 10, 2023. Plaintiff filed a Motion for Summary Judgment [ECF No. 19] on July 10, 2023; and Defendant filed a combined Amended Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment [ECF No. 27] on August 22, 2023. Plaintiff did not file a response to Defendant's Motion nor a reply in support of her Motion.

The case now comes before the Court on Magistrate Judge Damian's Report and Recommendation [ECF No. 31], entered on January 31, 2024. The Magistrate Judge recommends that the Court deny Plaintiff's Motion; grant Defendant's Motion; and affirm the decision of the Administrative Law Judge ("ALJ"). (*See generally* Report). On February 14, 2024, Plaintiff timely filed Objections [ECF No. 33] to the Report, to which Defendant filed a Response [ECF

No. 35]. For the following reasons, the Report is affirmed and adopted.

***Standard***. When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). An objection is thus entitled to *de novo* review only if it articulates a legal basis for the objection; merely reasserting a motion "without any reference to the magistrate judge's order or its findings [is] insufficient to convey to the district court the substance of any objection[.]" *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (alterations added). In the absence of timely, specific objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory comm.'s note to 1983 addition (citation omitted).

***Discussion***. Plaintiff seeks disability insurance benefits and supplemental security income for her alleged disability arising from spinal stenosis; enlarged heart; heart murmur; high blood pressure; and back, left arm, shoulder, and neck pain. (*See* Pl.'s Mot. 1, 4). The ALJ found that Plaintiff has several spine impairments, high blood pressure, obesity, chronic pain, and radiculopathy but nonetheless concluded she is not disabled and denied her claim. (*See* Admin. R. 23, 30).[1] In seeking reversal of the ALJ's decision, Plaintiff argued that (1) the ALJ failed to properly evaluate Plaintiff's cervical and lumbar spine impairments; (2) the ALJ's decision is not supported by substantial evidence; and (3) the ALJ failed to properly assess Plaintiff's symptoms and limitations. (*See generally* Pl.'s Mot.). The Magistrate Judge rejected each argument in her

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2

comprehensive 43-page Report.  (*See generally* Report).

Plaintiff raises three objections (*see generally* Objs.), two of which are largely rehashed versions of arguments Plaintiff presented to the Magistrate Judge; indeed, significant portions are verbatim or close to verbatim recitations of her Motion for Summary Judgment (*compare id.* 5–10 *with* Pl.'s Mot. 16–23).  In the end, only Plaintiff's first objection squarely addresses the Report (*see* Objs. 1–2); thus, only this objection is entitled to *de novo* review.

*Plaintiff's first objection.*  Plaintiff objects to the Magistrate Judge's determination that Plaintiff is not disabled because she failed to establish the simultaneous presence of all the listed criteria for evaluating her impairment.  (*See* Objs. 1–5).

The Social Security regulations outline a five-step sequential evaluation process for assessing whether a claimant is disabled.  *See Brightmon v. Soc. Sec. Admin., Comm'r*, 743 F. App'x 347, 351 (11th Cir. 2018); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  First, an ALJ must determine whether the claimant is engaged in substantial gainful activity, *see* 20 C.F.R. § 404.1520(a)(4)(i), and then whether the claimant has a severe impairment or combination of impairments, *see id.* § 404.1520(c).  The ALJ agreed Plaintiff had not engaged in substantial gainful activity since the alleged onset date of her disability and that her disorders — namely, spine impairments, high blood pressure, obesity, chronic pain, and radiculopathy — are severe impairments.  (*See* Admin R. 23).

At the third step, an ALJ is required to determine whether the claimant's impairment or impairments are of a severity that meets or medically equals the criteria of an impairment in the Listing of Impairments.  *See* 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404, Subpt. P. App. 1. If so, the claimant is disabled; if not, the analysis proceeds to step four, at which point the ALJ must determine whether the claimant can perform her past relevant work.  *See* 20 C.F.R. §

404.1520(f). If she cannot, the ALJ proceeds to step five and must then determine whether the claimant can do any other work, considering her residual functional capacity ("RFC"), *i.e.*, her abilities, age, education, and experience. *See* 20 C.F.R. § 404.1520(g). Here, the ALJ found Plaintiff did not meet or medically equal a listed impairment and could perform her prior work as a telephone solicitor. (*See* Admin R. 23–30).

The Magistrate Judge determined that the ALJ's conclusion that Plaintiff did not meet or equal a listed impairment was not erroneous because Plaintiff did not establish the simultaneous presence of *all* of the criteria for a listing within a consecutive 12-month period. (*See* Report 30 (citing *Butler v. Kijakazi*, 2023 WL 5767457, at *8–9 (M.D. Ala. Sept. 6, 2023))). Plaintiff objects to the Magistrate Judge's conclusion and takes issue with the Magistrate Judge's reliance on *Butler*. (*See* Objs. 2). Plaintiff insists the criteria need only be present within a 12-month period, not simultaneously, "[s]ince this case was decided during the 'pandemic period[.]'" (*Id.* 2 (alteration added; quoting Listing 1.00(C)(7)(c))). Plaintiff further disputes the ALJ's and Magistrate Judge's failure to "substantive[ly]" address the concept of "equaling[]" the listing requirements. (*Id.* (alterations added; quotation marks omitted)).

Even assuming Plaintiff need not have shown simultaneous presence of a listing's requirements, the ALJ determined Plaintiff's "impairments do not meet or medically equal any listing" — without qualifying this finding with a requirement that the criteria for a listing be present simultaneously. (Admin R. 23). Plaintiff nonetheless insists she satisfies Listing 1.15,[2]

---

[2] Listing 1.15 requires that all four criteria be met:

> A. Neuro-anatomic (radicular) distribution of one or more of the following symptoms consistent with compromise of the affected nerve root(s): 1. Pain; or 2. Paresthesia; or 3. Muscle fatigue.
>
> B. Radicular distribution of neurological signs present during physical examination . . . or on a diagnostic test . . . and evidenced by 1, 2, and either 3 or 4: 1. Muscle weakness; and

4

but the ALJ determined otherwise because the evidence suggested Plaintiff's use of a cane was not medically necessary; she possessed intact deep tendon reflexes; she lacked focal neurological deficits at her examinations; she had intact sensation; she could ambulate without a supportive device; and she could stand on either foot independently and on her heels and toes without difficulty. (*See id.* 27–28). In other words, the record supports the ALJ's determination that there was insufficient evidence that Plaintiff met or equaled the requirements of Listing 1.15 at any point, regardless of the timing.

Plaintiff also takes issue with the "conclusory" nature of the ALJ's findings and the Magistrate Judge's analysis with regard to their assessment of Plaintiff medically equaling a listing's requirements. (Objs. 2–4 (quotation marks and emphasis omitted)). But as Plaintiff is surely aware, "it is not required that the [ALJ] mechanically recite the evidence leading to [the] determination." *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) (alterations added). Indeed, as Social Security Ruling ("SSR") 17-2P provides, "[g]enerally, a statement that the

---

2. Sign(s) of nerve root irritation, tension, or compression, consistent with compromise of the affected nerve root . . . ; and 3. Sensory changes evidenced by: a. Decreased sensation; or b. Sensory nerve deficit (abnormal sensory nerve latency) on electrodiagnostic testing; or 4. Decreased deep tendon reflexes.

C. Findings on imaging . . . consistent with compromise of a nerve root(s) in the cervical or lumbosacral spine.

D. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following: 1. A documented medical need . . . for a walker, bilateral canes, or bilateral crutches . . . or a wheeled and seated mobility device involving the use of both hands . . .; or 2. An inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements . . . , and a documented medical need . . . for a one-handed, hand-held assistive device . . . that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand . . . ; or 3. An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements . . . .

20 C.F.R. § 404, Subpt. P, App. 1 (alterations added).

individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding." 2017 WL 3928306, at *4 (alteration added).

Here, the ALJ made this statement. (*See* Admin R. 23). Although Plaintiff cites evidence contradicting the ALJ's conclusion, Plaintiff misunderstands the substantial evidence standard. The Court "may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it." *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 831 (11th Cir. 2013) (citation omitted).

The Court thus agrees with the Magistrate Judge that "[b]ased on the record before the Court . . . the ALJ's determination that Ms. Johnson did not satisfy her burden of establishing that her impairments meet or medically equal any one of the listings of impairments, including the criteria of Listing 1.15, is supported by substantial evidence and that the correct legal standards were applied." (Report 31 (alterations added)).

In short, Plaintiff's first objection is overruled.

*Plaintiff's second and third objections*. As discussed, Plaintiff's second and third objections are largely copied from her Motion with no mention of the Magistrate Judge's analysis. (*Compare* Objs. 5–10 *with* Pl.'s Mot. 16–23). Since these are not proper objections, the Court reviews the remainder of the Report for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (citations omitted).

The Report summarizes Plaintiff's background and the procedural background of this case; acknowledges the standard of review; lays out the five-step analysis required by 20 C.F.R. sections 416.920(a) and 404.1520 for a disability determination; describes the findings of the ALJ at each step; and carefully considers and evaluates Plaintiff's arguments that (1) the ALJ's RFC determination is not supported by substantial evidence as he failed to consider Plaintiff's

absenteeism, mental state, carpal tunnel, chronic pain, and combination of impairments in making his RFC determination; and (2) the ALJ failed to properly assess Plaintiff's testimony about her symptoms and limitations. (*See* Report 31–42).

The Magistrate Judge correctly rejects Plaintiff's arguments. First, the Magistrate Judge was correct that the Eleventh Circuit has rejected the argument that absenteeism can render someone disabled, as medical appointments are not a functional limitation that affect physical or mental capabilities. *See Cherkaoui v. Comm'r of Soc. Sec.*, 678 F. App'x 902, 904 (11th Cir. 2017).

Second, the Magistrate rightly determined that the ALJ's conclusion was supported by substantial evidence. (*See* Report 31–38); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." (citations omitted)). The ALJ considered Plaintiff's chronic pain and found it was a severe impairment but discredited her testimony about the effects of her pain on her abilities given other evidence in the record. (*See* Admin R. 23, 27). The ALJ cited recent MRI scans, which showed no significant canal or foraminal stenosis of the spine; and physical examinations, which showed she had normal ranges of motion, negative straight leg rising, normal gait, and equal and intact deep tendon reflexes. (*See id.* 22). Regarding Plaintiff's carpal tunnel syndrome, although the ALJ did not classify Plaintiff's carpal tunnel syndrome as severe or non-severe, the Magistrate Judge rightly concluded the error was harmless because the ALJ considered Plaintiff's severe and non-severe impairments when assessing whether she met or equaled any listed impairments. (*See* Report 35–36).

Third, the Magistrate Judge correctly acknowledged — and Plaintiff does not dispute — that Plaintiff did not report any mental issues in her applications or in her testimony before the

ALJ. (*See id.* 33–34). As the Magistrate Judge also noted, the record strongly suggests Plaintiff was alert and oriented, with no evidence of neurological deficits, and had intact functional cognition, clear and coherent speech, and normal mood and affect. (*See id.* 34). Ultimately, the ALJ reported he considered the overall medical evidence in reaching his determination and cited substantial evidence in the record to support the RFC determination, even absent explicit mention of any limitation on Plaintiff's attention, concentration, or ability to handle changes and stress. (*See* Admin. R. 23–29). Indeed, regular sedentary work contemplates breaks every two hours. *See* SSR 96-9p, 1996 WL 374185, at *6; *Wimberly v. Kijakazi*, No. 20-cv-773, 2023 WL 5747330, at *3 n.6 (N.D. Ala. Sept. 6, 2023).

Fourth, and finally, the Magistrate Judge properly concluded that Plaintiff's arguments about her testimony (and several of her other arguments) ask the Court to make credibility determinations and reweigh evidence in a manner that exceeds the Court's role. (*See* Report 40–41). These things the Court will not do. *See Mills v. Berryhill*, 824 F. App'x 894, 900 (11th Cir. 2020) (affirming the Commissioner's decision where the plaintiff's "arguments effectively ask[ed] [the court] to decide the facts anew, make credibility determinations, or reweigh the evidence, none of which the [the court could] do" (citation omitted)).

In short, the undersigned fully agrees with the analysis and recommendations contained in the Report. Accordingly, it is

**ORDERED AND ADJUDGED** that the Objections **[ECF No. 33]** are **OVERRULED**, and the Report and Recommendation **[ECF No. 31]** is **AFFIRMED AND ADOPTED** as follows:

1. Plaintiff's Motion for Summary Judgment **[ECF No. 19]** is **DENIED**.

2. Defendant's Amended Motion for Summary Judgment **[ECF No. 27]** is **GRANTED**.

    3.  Final judgment shall issue separately.

**DONE AND ORDERED** in Miami, Florida, this 6th day of March, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record